# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                     Case No. 20-CR-190

**ANGELIQUE BOLL,**

    **Defendant.**

## ORDER ON DEFENDANT'S SECOND MOTION TO REOPEN DETENTION HEARING

Angelique Boll, who is detained pending trial on a one-count indictment charging her with production of child pornography in violation of 18 U.S.C. § 2251(a)(2), moves for reconsideration of her detention pursuant to 18 U.S.C. § 3142(f). (Docket # 53.) The government has responded in opposition. (Docket # 58.)

## PROCEDURAL HISTORY

On October 23, 2020, Boll made her first appearance on the one-count indictment charging her with production of child pornography. (Docket # 2.) At the detention hearing following the arraignment, the government moved for detention. (Docket # 5.) The government pointed to the fact that a presumption of detention applied, the case involved a minor with cognitive disability, and that Boll allegedly sexually assaulted the minor multiple times over the course of several days. (*Id.*) Boll argued for release with her mother acting as third-party custodian. (*Id.*) In support of her argument for release, she argued that she was coerced by her co-defendant (who is her boyfriend) to engage in sexual acts with the minor

while he recorded them, that she was a lifelong resident of her community, that she had a stable job, and that she cared for her young child. (*Id.*) Boll also pointed to the time lapse from the first time law enforcement contacted her about the allegations and her appearance in court. (*Id.*)

After considering the parties' arguments, I ordered Boll detained pending trial. (*Id.*) Although I found that the risk of nonappearance was not a concern, I was persuaded that the presumption of detention, the nature of the allegations involving a minor, and the repeated nature of the alleged conduct weighed in favor of detention. (*Id.*)

Boll subsequently filed a motion to reopen the detention hearing. (Docket # 19.) The government responded in opposition. (Docket # 22.) In a text only order dated December 1, 2020, I denied Boll's motion, finding that the repeated nature and circumstances of the alleged offense and the fact that the offense allegedly involved a minor indicated a serious risk of danger to the community which could not be addressed by a combination of release conditions. I further found that the presumption of detention, the weight of the evidence against Boll, and that she is subject to a lengthy mandatory minimum sentence if convicted also weighed against her release.

On June 1, 2021, Boll filed a second motion for reconsideration of the detention order. (Docket # 53). The government opposes the motion. (Docket # 58.)

### THE PARTIES' ARGUMENTS

In Boll's second motion for reconsideration of the detention order, she argues that there is evidence to rebut the presumption of detention, namely that she has family support

in the community, has graduated from high school, has been consistently employed, and has no criminal record. (Docket # 53 at 9.)

Further, Boll argues that her behavior during the three months she was out of custody prior to her arrest demonstrates that she poses no risk of danger to the community. (Docket # 53 at 10.) Specifically, after being released from police interrogation, she did not attempt to flee, she did not have contact with the alleged victim, and she did not try to obstruct the investigation or influence witnesses. (*Id.*) Boll also asserts that she did not have any further police contact and continued to work and take care of her son. (*Id.*) Boll further argues that delay is an important consideration because she has been in custody for over eight months and a trial date has not yet been set, a factor that the court could not have taken into account at the time of the detention hearing. (*Id.* at 11.) Delay is also relevant, she argues, because her time in custody has impressed upon her the seriousness of the charges against her, serving as a significant deterrent and reducing any risk to the public if she is released. (*Id.*)

Boll next argues that while the weight of the evidence and the mandatory minimum sentence may be relevant considerations as to whether she is a flight risk, they do not reveal much about whether she is a danger to the public. (*Id.* at 12.) She asserts that placing too much emphasis on the offense and the weight of the evidence is equivalent to applying a presumption of guilt to detain her, which is prohibited by § 3142(j). (*Id.*)

Further, Boll argues, the plain text of § 3142(f) does not authorize detention on generalized dangerousness grounds, and the circumstances that led to the alleged conduct are no longer present; nor has the government presented evidence that she had predatory tendencies prior to the offense or that she may have them in the future. (*Id.* at 13.) Boll points

3

to a psychosexual evaluation report completed by Elizabeth Griffin of Internet Behavioral Consulting and Dr. David Delmonico, which concluded that she presents a low risk of engaging in any criminal activity upon pre-trial release. (*Id.*) She asserts that the government has not presented evidence that she would engage in activity similar to the alleged offense in the future, particularly while subject to restrictive bail conditions. (*Id.*)

Finally, Boll argues that her co-defendant, Kyle Halgrimson, planned and directed the sexual encounters, supplied her with alcohol and drugs, and manipulated her into engaging in the alleged conduct. (*Id.* at 13–14.) Boll asserts that the government has not presented evidence that she would continue to be a risk to the safety of the community absent Halgrimson, who is unlikely to be released from custody. (*Id.* at 14.)

Boll additionally proposes several conditions of release that she asserts would reasonably assure the safety of the community: the appointment of her aunt as a third-party custodian, who would assume supervision and report any violations of release conditions to the court; orders that she avoid all contact with the alleged victim, be subject to GPS monitoring of her travel, have no contact with minors (except her son and cousin K.S., with whom she would reside), and report regularly to Pretrial Services; and conditions that she refrain from possessing or using narcotics not prescribed by a physician and participate in mental health counseling if deemed necessary. (*Id.* at 14–15.)

In response, the government requests that Boll remain detained pending trial due to the presumption of detention and danger Boll presents to the community and minors if released. (Docket # 58 at 1.) The government argues that the nature and circumstances of the alleged offense are serious and aggravated, and the evidence in this case, which includes a

disclosure from the alleged victim, forensic evidence, and admissions from both Boll and Halgrimson, is particularly strong. (*Id.* at 5–6.)

The government also argues that Boll poses a risk to the community—and to children specifically—based on her role not only as an active participant, but active producer of child pornography involving a cognitively delayed minor. (*Id.* at 6.) Further, the government asserts, Boll's willingness to engage in sexual exploitation of a child while her own child was present in the home demonstrates a disregard for the safety of children. (*Id.*)

As to the psychological evaluation that Boll presents on her behalf, the government argues that the tests performed on Boll were primarily personality tests and do not predict recidivism. (*Id.* at 7.) Moreover, the government argues that without viewing the videos at issue, the authors of the report could not appreciate Boll's active role in the alleged offense and the offense's aggravated nature, and the finding that Boll has no sexual interest in prepubescent children is irrelevant because none of the allegations here involve prepubescent children. (*Id.*) Finally, the government argues that any delay in Boll's case since her first motion to reconsider the detention order was not due to any action of the government; rather, more time was requested by Boll for her to be evaluated. (*Id.*) As such, the government argues that delay should not be considered in evaluating Boll's motion. (*Id.*)

## ANALYSIS

After a defendant has been detained, a judicial officer may reopen the detention hearing if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required

and the safety of any other person and the community." 18 U.S.C. § 3142(f). As to new information not previously considered, Boll presents: the psychological evaluation; letters of support from family members; and the length of time that she has now been in custody. This new information is sufficient to reopen the detention hearing. Having reopened the detention hearing, I now turn to the detention analysis in light of the new information.

　　　1.　　*Presumption*

First, where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C.§ 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community. Accordingly, because the grand jury charged Boll with production of child pornography in violation of 18 U.S.C. § 2251(a), the presumption of detention applies. However, once the presumption is triggered, the defendant bears the burden of producing evidence to rebut the presumption. Boll has met this burden of production. She has no prior criminal history, has strong ties to the district, has strong family support as evidenced by the letters from her family, and has submitted a psychological evaluation opining that she is a good risk for release. As such, I find that she has rebutted the presumption of detention.

However, the presumption of detention does not dissipate. It must still be considered, along with the factors, as it represents Congress' substantive judgment that certain classes of offenders should ordinarily be detained prior to trial. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (noting that the presumption of dangerousness "represents Congressional findings that certain offenders . . . are likely to continue to engage in criminal conduct

undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). Having found that Boll has rebutted the presumption of detention, I turn to the factors under 18 U.S.C. § 3142(g).

   2.   *Section 3142(g) Factors*

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community, the court must consider four factors:

>   (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim or controlled substance;
>
>   (2) the weight of evidence against the person;
>
>   (3) the history and characteristics of the person, including—
>
>   >   (A) the person's character, his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   >
>   >   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). All of these factors must be balanced in making the ultimate determination of whether a defendant should be released. *See United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985). I will consider each factor in turn.

### 2.1 Nature and Circumstances of Offense

Boll is charged with production of child pornography, which carries a mandatory minimum sentence of 15 years of incarceration. The government alleges that Boll and her co-defendant, Kyle Halgrimson, sexually assaulted a 15-year-old boy and videotaped the assaults. (Docket # 58 at 3.) The government alleges that the videos depict Boll engaging in various sexual acts, including penis-to-vagina intercourse with the minor, while Halgrimson recorded it on a phone. (*Id.*) The government asserts that Halgrimson's voice is heard directing Boll and the minor on what to do. (*Id.* at 3–4.) The government also alleges that the minor suffers from "cognitive deficiencies" and according to his mother, "functions more along the age of a 10-year-old child." (*Id.* at 3.) In fact, the government alleges that in a non-custodial interview, Boll expressed surprise that the minor was 15-years old and surmised that "he was much younger than that." (*Id.* at 5.)

Boll argues that Halgrimson coerced her with drugs and alcohol to engage in sex with the victim. (Docket # 53 at 3.) The government counters that the videos show that Boll was an active participant in the assaults and did not appear to be under the control of Halgrimson while she was sexually assaulting the victim. (Docket # 58 at 5.) The government alleges that at some points in the videos, Boll is the one instructing Halgrimson on what angle to record. (*Id.*)

Production of child pornography in itself is a serious offense. In this case, the allegation is aggravated by three additional facts: that the underlying circumstances involve the repeated sexual assault of a child, that the child is alleged to be cognitively disabled, and that Boll's own child was at the residence when the sexual assaults were occurring. As such,

the offense charged, the underlying circumstances, and the mandatory minimum sentence of 15 years of incarceration weigh heavily in favor of detention.

### 2.2 Weight of Evidence

The government proffers that the evidence includes seven videos taken at the defendants' residence depicting sexual exploitation of the victim. (Docket # 58 at 4.) Additionally, the victim participated in a video-recorded forensic interview, during which he disclosed that Boll had sex with him on four occasions and Halgrimson video-recorded three of them. (*Id.*) The victim reported feeling disgusted about the incidents saying that it made him feel bad about himself. (*Id.*) Boll also made custodial statements admitting to sexual intercourse with the victim on three or four occasions. (*Id.* at 4–5.) She stated that Halgrimson coerced her with drugs and alcohol. (*Id.* at 5.) Finally, Halgrimson also admitted to recording Boll having sex with the victim two to three times and to instructing Boll and the victim on what to do during the sex. (*Id.*) Thus, the weight of the evidence against Boll is substantial and favors detention.

### 2.3 History and Characteristics of the Defendant

Boll is 29 years old. She is the mother of a 5-year-old son. She has no prior contact with law enforcement. She has very strong family support. I have received and read letters of support from Boll's mother, Brandi Griffin; her father, Jeff Boll; her stepfather, Marc Griffin; her stepmother, Heidi Boll; and her best friend, Kristina Mittelstadt. All the letters lovingly attest to Boll's positive qualities as a daughter, stepdaughter, sister, mother, and best friend.

Boll is also a high school graduate and has consistently maintained employment. Most recently prior to her arraignment and detention she worked in maintenance services. For these reasons, Boll's history and personal characteristics favor release.

    2.4  Nature and Seriousness of Danger Posed by Defendant's Release

The production of child pornography, which constitutes sexual abuse of a child, is a serious crime. It is also well-recognized that the harm caused to the child is substantial and long lasting. This much is not disputed by the parties.

The dispute lies in assessing the risk of future danger to the community that Boll's release poses. Boll argues that she poses no danger for several reasons. First, as discussed earlier, Boll relies on a psychological evaluation from Elizabeth Griffin of Internet Behavioral Consulting. (Docket # 55 at 1–5.) After conducting a clinical interview, performing psychological tests, and reviewing Boll's personal history and the literature and research regarding female sex offenders, Griffin and her colleague, Dr. David Delmonico, opined that Boll "does not have pedophilic interests in prepubescent children and does not meet the criteria for Pedophilic Disorder." (*Id.* at 4.) They further opined that her psychological testing did not indicate any features or traits associated with antisocial personality disorder. (*Id.* at 5.) In sum, they concluded Boll is amenable to pretrial release and that she is a low risk for any type of criminal and/or sexual offense behavior in the future. (*Id.*)

The government counters that the finding that Boll has no interest in prepubescent children is irrelevant, as the allegation does not concern a prepubescent child. (Docket # 58 at 7.) Additionally, the government argues that the personality tests administered to Boll do not predict recidivism and thus do not assist in assessing Boll's dangerousness to the

community. (*Id.*) The government also notes that while the authors of the report review the police reports and Boll's statement, they did not view the most probative evidence, the videos. (*Id.*) Without seeing the videos, the government argues, Boll's actual active role and aggravated nature of the crime cannot be fully appreciated. (*Id.*)

I find insufficient reassurance for the safety of children in the community, including the 15-year-old victim, in the psychological evaluation for two reasons. First, as the government correctly points out, the allegation here does not concern a prepubescent minor. Thus, a lack of interest in prepubescent children does not address the risk to older children like the victim in this case. Second as to the evaluators' larger point that Boll presents a low risk of committing any future crime, I find that this opinion is primarily grounded on Boll's personal history and characteristics (her gender, lack of prior criminal history, prosocial life, and family support). However, as I indicated at the original detention hearing, although Boll's characteristics weigh positively in her favor, I do not find that they outweigh the danger to the community demonstrated by the aggravated nature of the allegations.

Next, Boll argues that with Halgrimson in custody she is not likely to reoffend. (Docket # 53 at 13–14.) While this argument is appealing, I also find that Halgrimson's absence does not eliminate the risk Boll poses. This is so because while I appreciate Halgrimson's alleged role in this offense in directing Boll and the victim, I also must not disregard the government's argument that the videos show Boll as an active participant and at times giving her own instructions on what angle to camera.

Finally, Boll argues that the time she has spent in custody has had a deterrent effect on her. (Docket #53 at 11.) I do not doubt that being in custody has been difficult for Boll and

that this has had a great impact on her. However, I do not find that this factor neutralizes the aspects of the nature and circumstances of the offense which indicate that Boll's release would pose a danger to the community.

## CONCLUSION

Having carefully considered all the evidence, including the psychological evaluation, the letters from Boll's family, the time she has already spent in custody, and the available range of release conditions, I conclude that the government has shown by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if Boll is released. The nature and circumstances of the offense, the weight of the evidence, and the danger to the community outweigh Boll's personal history and characteristics. Further, the evidentiary weight of the rebutted presumption of detention lends additional support for this conclusion. While Boll presented sufficient new information to reopen the detention hearing, after weighing the factors under § 3142(g), I find that detention pending trial remains appropriate.

**SO ORDERED** this 16th day of July, 2021 at Milwaukee, Wisconsin.

*[signature]*

NANCY JOSEPH
United States Magistrate Judge